### SCHUYLER v. CURTIS et al.

(Supreme Court, Special Term, New York County. January 21, 1893.)

1. INJUNCTION—ERECTING STATUE OF DECEDENT—RIGHT OF RELATIVES.
　　A court of equity, at the instance of one of the relatives of a deceased person, will enjoin the making and placing on public exhibition of a statue of the decedent by unauthorized persons, which plaintiff and all other relatives unite in alleging will cause them pain and distress, and will be considered by them a disgrace; and this whether or not, in the opinion of the court, the proposed representation should produce the alleged effect.

2. SAME—CONSTITUTIONAL LAW.
　　Such unauthorized act of defendants is not within the provisions of the state constitution which secures to each citizen the right to freely speak, write, and publish his sentiments on all subjects.

Action by Philip Schuyler against Ernest Curtis and others to restrain defendants from making and exhibiting a statue of Mrs. George L. Schuyler, deceased. Judgment for plaintiff.

For reports of decisions on motion to continue pendente lite a preliminary injunction theretofore granted, see 15 N. Y. Supp. 787; 19 N. Y. Supp. 264.

Ludlow, Philips & Winthrop, (James B. Ludlow, of counsel,) for plaintiff.

Logan, Clark & Demond, (Charles M. Demond, of counsel,) for defendants.

INGRAHAM, J. The decision of the general term in affirming the order continuing an injunction which granted the relief asked for by the plaintiff in this action entitles plaintiff to judgment for such relief. I wish, however, to add a few words to state my entire concurrence in the views expressed by the presiding justice in delivering the opinion of the court on that appeal.

All of the surviving relatives of Mrs. Schuyler unite in asking the court to enjoin the defendants from soliciting or receiving subscriptions for a statue or bust of Mrs. Schuyler, and from making such a statue, or causing the same to be made or exhibited. These defendants are an irresponsible voluntary association, and are acting without public authority, and against the express wishes of every relative and connection of Mrs. Schuyler. The defendants have shown no right or authority, therefore, to make and exhibit a statue of Mrs. Schuyler.

The only serious question seems to be whether, considering defendants have no legal right, the plaintiff has such an interest as entitles him to ask the interposition of a court of equity to prevent the defendants from doing an unauthorized act, which will cause pain and distress to him and the other relations, and for which a court of law can afford no relief. The infliction of mental pain and distress by the wrongful or unauthorized act of another is recognized as giving a cause of action in many cases. In cases of libel and slander, where a person is injured by the negligent act of another, in fact, in all actions of tort where the wrongful act of another causes an injury, a recovery is allowed for mental pain and distress and disgrace caused by such wrongful act; so, also, in an action for a breach of contract of marriage. The law thus recognizes that the infliction of such distress and disgrace, caused by the wrongful act of another, is a ground for a recovery against the wrongdoer. Does not plaintiff occupy this position? He is a nephew and a stepson of Mrs. Schuyler. He alleges, and the other relatives of Mrs. Schuyler allege, that the erection of a statue by these defendants would cause pain, and be considered by them a disgrace, and this injury would be permanent; for it is not intended that such a statue should be destroyed at the end of a week or a month or a year, but it is likely to last for at least as long as the lives of any of the living relatives of Mrs. Schuyler. It is evident that it would be impossible to estimate the damages that would be sustained from such a continuing act, not only at the time the statue was exhibited, but in the future, possibly to be enhanced by the use that would be made of the statute in the future. It seems to me that this is in the nature of a continuing wrong that has caused and will cause damage which, from the nature of things, it would be impossible to estimate; and thus the case is brought directly within a recognized head of equitable jurisdiction, and the court is authorized to enjoin the continuance of the act. That the making and exhibition of the statue or representation of a deceased person in many instances is calculated to cause pain and distress and disgrace is clear. Thus, to make a wax image of a deceased individual, leaving behind him sensitive children and other relatives, and exhibit it as a part of an exhibition of criminals and others noted for their brutal characteristics, would clearly cause pain and disgrace to the living; and, if such an exhibition could be enjoined, can the court say that another exhibition of a representation of a deceased parent would not, because the court was of the opinion that the proposed representation should not, (although it was satisfied that it did, as a matter of fact,) cause the children pain? Clearly not. Once establish the right to an injunction against such an exhibition in any case, and the question is whether the proposed exhibition does, as a fact, give them pain,—does cause them disgrace. It is also to be considered that, as before stated, the statue is to be permanent in its nature, and the use to which it will in the future be put cannot be foretold. What may now be a comparatively unobjectionable use may in the future be painful and disgraceful. I

think it clear, therefore, that the act of the defendants in proposing to have a statue of Mrs. Schuyler made and exhibited was unauthorized; that such act has caused and would cause the plaintiff and the other relatives of Mrs. Schuyler pain, and be considered by them a disgrace, and it was therefore an unauthorized act; that the injury caused was permanent, in its nature continuing, and it was impossible to ascertain the damage that had been caused, or that a continuance of the unauthorized act would cause.

The question as to whether the public, as represented by the state or nation, have not the right to erect a statue in honor of one of its citizens who has held public office, or who has rendered service to the state, is not presented. The state or nation has a right to call on its citizens to do many acts and sacrifice many interests that a voluntary association of citizens cannot ask. A citizen must fight the battles of the state; must contribute his money to its support; must submit his person and property to its control to prevent the spread of contagious disease; must allow the state to take his property for public use. But it would hardly be claimed even by these defendants that they could call on the plaintiff to thus subordinate his private interests to satisfy their desire for public approbation or for pecuniary advantage; and it may well be that where the state desires to thus honor one of its distinguished soldiers, sailors, or civil servants, and present to future generations a model to be followed, the private wishes of the relatives of such a person must then give way to the public good. But these defendants do not occupy that position, and can hardly claim that their wish has the force of action by the state or nation.

It is not claimed that this action of the defendants is a libel. It is an unauthorized act, which has caused and will in the future cause damage. It is unlike a libel, because that is a simple publication for which the damage can be ascertained. In this case the injury is continuing, and it is impossible, as before stated, to ascertain what the damage will be in the future. Nor does this act of these defendants come within the provision of the state constitution which secures to each citizen the right to freely speak, write, and publish his sentiments on all subjects. The defendants can freely speak, write, and publish their sentiments as to Mrs. Schuyler without exhibiting her statue to the public. It seems to me clear, therefore, that, applying well-settled principles of equity, the plaintiff is entitled to the judgment asked for, and that to refuse plaintiff such relief would be to admit that a wrong which causes severe injury may be done to an individual, and yet the law can afford no relief. This would be contrary to a fundamental maxim of our equity jurisprudence, as it is always in such a case that a court of equity interferes, and, adapting its relief to the exigency of each case, protects the right, and prevents the wrong.

Plaintiff is therefore entitled to judgment, with costs.